**WO** JDN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Cory L. Tower, ) No. CV 06-1747-PHX-MHM (MHB)
)
    Plaintiff, ) **ORDER**
)
vs. )
)
Joseph M. Arpaio, )
)
    Defendant. )
)

    Plaintiff Cory L. Tower brought this civil rights action under 42 U.S.C. § 1983 against Maricopa County Sheriff Joseph M. Arpaio (Doc. #1). Before the Court is Plaintiff's Motion to Dismiss (Doc. #17). The Court will grant Plaintiff's motion and dismiss this action without prejudice.

**I.    Background**

    In his Complaint, Plaintiff alleged that the county jail was severely overcrowded and poorly ventilated and that he was denied access to outdoor recreation (Count I) (Doc. #1 at 4). In Count II, he alleged that the medical unit was under-staffed and, as a result, diseases were rampant throughout the jail (id. at 5). And in Count III, Plaintiff asserted that he was denied access to religious services, denied access to mail, and that media coverage of the jail was humiliating to pretrial detainees (id. at 6, Attachs. 1-3, 4A-4C).

    The Court ordered Defendant to answer the claims, and Defendant filed a Motion to Dismiss for lack of exhaustion of available administrative remedies (Doc. ##3, 7). Defendant's motion was granted as to Counts II and III and as to all claims in Count I except

the recreation claim, which Defendant conceded had been fully exhausted by Plaintiff (Doc. #13). Defendant then filed his Answer to the remaining claim in Count I, and the Court issued a Scheduling and Discovery Order (Doc. ##14-15).

Plaintiff now moves to voluntarily dismiss the action (Doc. #17). He asserts that he has no grounds for his claim (id.). Defendant did not file a response to the motion, and the time for responding has expired.

## II.     Federal Rule of Civil Procedure 41(a)(2)

Under Rule 41(a)(2), if an answer has been filed, the plaintiff may not dismiss an action except by court order and under such terms and conditions as the court deems proper. Ninth Circuit law provides that "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001). Unless otherwise directed by the Court, dismissal should be without prejudice. Id. at 976; Fed. R. Civ. P. 41(a)(2).

Other circuit courts have identified factors to be considered in determining whether a defendant will suffer plain legal prejudice upon a Rule 41(a)(2) dismissal without prejudice, including: (1) the defendant's efforts and expense in preparing for trial; (2) the plaintiff's diligence in prosecuting the action; (3) the plaintiff's reason for dismissal, and (4) the status of the litigation (e.g., whether summary judgment motions have been filed, the immediacy of trial, etc.). Witzman v. Gross, 148 F.3d 988, 991-92 (8th Cir. 1998); Phillips U.S.A., Inc. v. Allflex U.S.A., Inc., 77 F.3d 354, 358 (10th Cir. 1996); Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994); Kovalic v. DEC Int'l, Inc., 855 F.2d 471, 473-74 (7th Cir. 1988) (citation omitted). It is not necessary that all these factors weigh in favor of the moving party for dismissal to be appropriate. Phillips U.S.A., Inc., 77 F.3d at 358.

Here, Plaintiff has demonstrated due diligence in prosecuting this action since the filing of his original Complaint in July 2006. He moves for dismissal on the ground that he now believes that there is insufficient support for his claim (Doc. #17). Plaintiff's decision to pursue dismissal at this stage in the litigation—prior to the dispositive-motions deadline

1 or a trial date—serves to spare the parties any further time and expense in litigating the
2 matter and assists the Court in managing its docket and resources.  Finally, Defendant did
3 not file any objection to Plaintiff's request for voluntary dismissal.

4       The Court finds that all factors weigh in favor of permitting Plaintiff to voluntarily
5 dismiss his action.  Plaintiff's motion will be granted, and the action will be dismissed
6 without prejudice.

7       **IT IS ORDERED that** Plaintiff's Motion to Dismiss (Doc. #17) is **granted**.  The
8 Clerk of Court must dismiss this action without prejudice.

9       DATED this 19th day of December, 2007.

_____
Mary H. Murguia
United States District Judge

- 3 -